UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. LOUKS and FIBERPOP SOLUTIONS, INC.,<br><br>Defendants. | Case No. 15-CV-3456 (PJS/TNL)<br><br>ORDER |

This matter is before the Court on the motion of plaintiff United States Securities and Exchange Commission ("SEC") to hold defendants James M. Louks ("Louks") and FiberPop Solutions, Inc. ("FiberPop") in civil contempt and order them to refund money that they have raised in violation of the permanent injunction that was previously entered in this securities-fraud case.

This is an unusual securities-fraud case: The SEC alleges, in essence, that defendants have both perpetrated and been victimized by fraudulent schemes. The SEC alleges that, over the course of 13 years, defendants raised at least $4.3 million from approximately 90 investors, telling investors that the money would be used to fund various construction and other projects. According to the SEC, defendants kept some of the money for themselves and threw away most of the rest of the money by investing it in fraudulent get-rich-quick schemes known as "prime bank schemes."

The SEC brought this action primarily to force defendants to stop defrauding investors. For reasons that the Court cannot fathom, investors appear to be willing to continue to give money to Louks (despite the fact that he has lost all of the money that they have given him in the past), and Louks appears to be willing to continue to sink his investors' money into too-good-to-be-true schemes (despite the fact that he has lost all of the money that he has invested in such schemes in the past).

On September 2, 2015, with the consent of all of the parties, the Court issued a temporary restraining order ("TRO") that, among other things, ordered defendants not to "solicit[] or accept[] any monies from actual or prospective investors, pending the resolution of this action or further order of this Court." ECF No. 17 at 3. On November 4, 2015, again with the consent of all parties, the Court entered a permanent injunction that, among other things, ordered defendants not to "solicit[] or accept[] any monies from actual or prospective investors, pending further order of this Court." ECF No. 26 at 2.

The Court has previously found defendants in civil contempt for violating the TRO by raising at least $590,000 from investors in September and October of 2015. ECF No. 42. The SEC now alleges that defendants have violated the permanent injunction by soliciting additional money from investors, even after the Court found that

defendants had violated the TRO. The Court held an evidentiary hearing on the SEC's allegations on May 9, 2016.

Based on the evidence introduced at the hearing, the Court finds that defendants violated the permanent injunction by soliciting or accepting at least $42,000 from actual or prospective investors. Specifically, the Court finds that defendants solicited or accepted the following amounts of money from investors in FiberPop[1]:

- $7,500 from Blake T. Dirks on or about December 21, 2015;
- $7,500 from Geoffrey Benedict on behalf of Vanguard Construction[2] on or about December 21, 2015;
- $1,000 from Geoffrey Benedict on behalf of Vanguard Construction on or about February 17, 2016;
- $10,000 from Geoffrey Benedict on behalf of Vanguard Construction on or about March 29, 2016;
- $1,500 from Geoffrey Benedict on behalf of Vanguard Construction on or about April 11, 2016;

---

[1]Defendants also raised $2,000 from Debra Eid, but the SEC has not shown that Eid was an actual or prospective investor in FiberPop, and thus defendants did not violate the injunction when they raised money from her.

[2]Benedict, a former FiberPop investor, is the president of Vanguard Construction and signed the relevant checks and wire-transfer authorization on Vanguard Construction's behalf.

- $3,500 from Susan Haugarud on or about April 11, 2016; and
- $11,000 from Geoffrey Benedict on behalf of Vanguard Construction on or about April 13, 2016.[3]

Defendants have attempted to conceal their defiance of the injunction by passing the funds that they have solicited through Owatonna Corporate Resource Group, Inc. ("OCRG"). But OCRG is just a shell corporation. Louks is the president and only agent of OCRG—and, when referring to various projects, Louks interchangeably refers to them as OCRG projects and as FiberPop projects. OCRG has passed money through to Louks, paid FiberPop's expenses, and "loaned" $15,000 to FiberPop. Defendants cannot evade the injunction simply by passing money through OCRG or any other entities that they control.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants James M. Louks and FiberPop Solutions, Inc., are HELD IN CONTEMPT OF COURT for violating the permanent injunction entered on November 4, 2015 [ECF No. 26].

[3]Benedict wired this payment to Sterling Commercial Capital on Louks's behalf and at his request.

2. Defendants Louks and FiberPop are ORDERED to return by September 6, 2016, all monies that they have accepted from actual or prospective investors since the Court entered its temporary restraining order on September 2, 2015, including but not limited to the following:

    a. $7,500 from Blake T. Dirks on or about December 21, 2015;

    b. $7,500 from Geoffrey Benedict on behalf of Vanguard Construction on or about December 21, 2015;

    c. $1,000 from Geoffrey Benedict on behalf of Vanguard Construction on or about February 17, 2016;

    d. $10,000 from Geoffrey Benedict on behalf of Vanguard Construction on March 29, 2016;

    e. $1,500 from Geoffrey Benedict on behalf of Vanguard Construction on or about April 11, 2016;

    f. $3,500 from Susan Haugarud on or about April 11, 2016; and

    g. $11,000 from Geoffrey Benedict on behalf of Vanguard Construction on or about April 13, 2016.

3. Defendant Louks must, no later than September 7, 2016, submit to the Court a sworn affidavit informing the Court whether he and FiberPop have complied with this order. If Louks claims that he and FiberPop were

unable to comply with this order, then Louks's affidavit must show: "(1) that [defendants] were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (citations and internal quotation marks omitted).

4. Plaintiff SEC is ORDERED to personally serve a copy of this order on defendants in a manner that would satisfy the requirements of Fed. R. Civ. P. 4(e) (as to Louks) and 4(h) (as to FiberPop) and to file appropriate affidavits of service.

Dated: June 3, 2016

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge