UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 15-CV-3456 (PJS/KMM) |
| Plaintiff, | |
| v. | ORDER |
| JAMES M. LOUKS and FIBERPOP SOLUTIONS, INC., | |
| Defendants. | |

Charles J. Kerstetter and Ariella O. Guardi, U.S. SECURITIES AND EXCHANGE COMMISSION; James S. Alexander, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

James M. Louks, defendant, *pro se*.

This lawsuit was filed against defendants James M. Louks and FiberPop Solutions, Inc. ("FiberPop") by plaintiff United States Securities and Exchange Commission ("SEC"). The SEC accused Louks and FiberPop of defrauding investors of over $4.3 million. According to the SEC, Louks and FiberPop told the investors that their money would be used to finance construction and other projects; instead, Louks and FiberPop threw that money away on a series of fraudulent prime bank schemes. ECF No. 1.

On September 2, 2015, the Court issued a temporary restraining order ("TRO") that, among other things, prohibited Louks and FiberPop from "soliciting or accepting

any monies from actual or prospective investors, pending the resolution of this action or further order of this Court." ECF No. 17 at 3. On March 23, 2016, the Court held Louks and FiberPop in contempt for violating the TRO by soliciting and retaining money from investors. ECF No. 42. The Court ordered Louks and FiberPop to return the money that they had raised in violation of the TRO. *Id.*

On November 4, 2015—two months after entering the TRO—the Court entered a permanent injunction forbidding Louks and FiberPop "from soliciting or accepting any monies from actual or prospective investors . . . ." ECF No. 26 at 2. On June 3, 2016, the Court held Louks and FiberPop in contempt for violating the permanent injunction by soliciting and retaining money from multiple investors. ECF No. 70. The Court ordered Louks and FiberPop to return the money that they had raised in violation of the permanent injunction. *Id.* at 5. The Court also ordered the following:

> Defendant Louks must, no later than September 7, 2016, submit to the Court a sworn affidavit informing the Court whether he and FiberPop have complied with this order. If Louks claims that he and FiberPop were unable to comply with this order, then Louks's affidavit must show: "(1) that [defendants] were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (citations and internal quotation marks omitted).

ECF No. 70 at 5-6.  The June 3 order was personally served on Louks and FiberPop by the SEC on June 8, 2016.  ECF Nos. 71 and 72.

September 7 came and went without Louks having filed the affidavit.  On September 14, 2016, the Court ordered Louks to appear at 11:00 am on September 30, 2016 and show cause why he should not be held in contempt for violating the Court's June 3 order.  ECF No. 76.  The Court's September 14 order was personally served on Louks on September 17, 2016.  ECF Nos. 77 and 78.

Louks appeared at the September 30 hearing.  He confirmed that he had received the Court's June 3 order.  He said that he had not repaid any monies to investors, as he had been ordered to do.  When asked why he had not filed an affidavit on or before September 7 informing the Court of the reasons for his failure to repay the investors, Louks claimed that he did not realize that he was required to file an affidavit.

The Court does not believe Louks.  The June 3 order is crystal clear—and would be crystal clear to any literate layperson, much less a sophisticated business person such as Louks.  The Court finds that Louks defied the Court's June 3 order for the same reason that he defied the TRO and then defied the preliminary injunction:  because he does not believe that he needs to comply with the orders of this Court.  Louks is mistaken.

The Court concludes that Louks is in contempt of Court for violating the June 3 order. The Court further concludes that no sanction short of incarceration will suffice to compel Louks's compliance with the June 3 order. Louks claims to have no money—making monetary sanctions ineffective—and Louks now is being held in contempt of court for the *third* time. Louks will remain incarcerated until he purges his contempt by complying with the June 3 order. *See Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 633 (1988) ("[T]hose who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.'" (internal citation omitted)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant James M. Louks is HELD IN CONTEMPT for violating the order of this Court entered on June 3, 2016.

2. The United States Marshal is directed to arrest Louks, to take him into custody, and to keep him in custody until this Court orders his release.

Dated: September 30, 2016

   s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge