UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. LOUKS and FIBERPOP SOLUTIONS, INC.,<br><br>Defendants. | Case No. 15-CV-3456 (PJS/KMM)<br><br>ORDER |

Charles J. Kerstetter and Ariella O. Guardi , U.S. SECURITIES AND EXCHANGE COMMISSION; James S. Alexander, U.S. ATTORNEY'S OFFICE, for plaintiff.

James M. Louks, defendant, pro se.

This lawsuit was filed against defendants James M. Louks and FiberPop Solutions, Inc. ("FiberPop") by plaintiff United States Securities and Exchange Commission ("SEC"). The SEC accused Louks and FiberPop of defrauding investors of over $4.3 million. ECF No. 1.

On November 4, 2015, the Court entered a permanent injunction forbidding Louks and FiberPop "from soliciting or accepting any monies from actual or prospective investors . . . ." ECF No. 26 at 2. On June 3, 2016, the Court held Louks and FiberPop in contempt for violating the permanent injunction by soliciting and retaining money from multiple investors. ECF No. 70. The Court ordered Louks and FiberPop to

return the money that they had raised in violation of the permanent injunction. *Id.* at 5. The Court also ordered the following:

> Defendant Louks must, no later than September 7, 2016, submit to the Court a sworn affidavit informing the Court whether he and FiberPop have complied with this order. If Louks claims that he and FiberPop were unable to comply with this order, then Louks's affidavit must show: "(1) that [defendants] were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000) (citations and internal quotation marks omitted).

*Id.* at 5-6.

On September 30, 2016—following a show-cause hearing at which Louks appeared—the Court found Louks in contempt of court and ordered him incarcerated until he complied with the Court's June 3 order. ECF No. 86. Specifically, the Court found that Louks had violated the June 3 order because he had not filed the required affidavit by September 7. The Court made clear that "Louks will remain incarcerated until he purges his contempt by complying with the June 3 order." *Id.* at 4.

In an apparent attempt to comply with the June 3 order, Louks filed an affidavit on October 5, 2016. ECF No. 87. That affidavit appears to reflect some confusion about why Louks is in jail. To be clear: Louks is not in jail because he did not return the

money that he raised in violation of the temporary restraining order and permanent injunction. Louks is in jail because he did not file an affidavit on or before September 7.

The June 3 order does indeed require Louks to return the money that he raised in violation of the permanent injunction. But no one can be incarcerated for failing to do the impossible. Thus, the June 3 order gave Louks an escape hatch: if it was not possible for him to return the money despite his best efforts to do so, he could file an affidavit informing the Court of that fact. But any such affidavit would have to explain "in detail" all "efforts to comply" made by Louks, so that the Court could determine whether he was in fact "unable to comply" and whether his inability to comply was "self-induced." ECF No. 70 at 5-6 (quoting *Chi. Truck Drivers*, 207 F.3d at 506.

The affidavit that Louks filed on October 6 does not comply with the June 3 order. Louks states in the affidavit that he was unable to return any of the investors' money. But he does not explain why "in detail." To the contrary, Louks says merely that:

> Good faith and all reasonable efforts were made to comply. Every person who provided me with these loans knows that I am working my tail off each and every day in an attempt to make money to pay them back.

ECF No. 87 at 3. Vague statements about "all reasonable efforts" and "working my tail off" do not come close to providing the information required by the June 3 order.

Because Louks has not complied with the June 3 order, he will remain incarcerated. In order to comply with the June 3 order, Louks will have to file an affidavit that either informs the Court that he has returned the investors' money *or* explains to the Court *in detail* why he has been unable to do so. If the affidavit does the latter, it must:

1. Specifically identify what funds or other assets Louks (or any person or entity controlled by Louks) had available to repay investors on June 3, 2016.

2. Specifically identify all funds or other assets that Louks (or any person or entity controlled by Louks) has received since June 3, 2016—no matter the source of those funds or other assets. (This includes "loans received from individuals [Louks has] known for a long time." ECF No. 87 at 2.)

3. Specifically describe what Louks has done with the funds or assets that he had available on June 3, 2016, and with the funds or other assets that he has received since June 3, 2016. And

4. Specifically describe all efforts that Louks has made since June 3, 2016 to repay investors.

Dated: October 6, 2016      s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge